UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOYCE E. KUZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-04-87-B-W |
| | ) | |
| HANNAFORD BROS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON
DEFENDANT'S BILL OF COSTS**

Concluding that the imposition of Rule 54(d) costs would work a substantial hardship, that there is a great disparity between the financial resources of the parties, that the Plaintiff's case invoked issues of public value and concern, and that her case, though unsuccessful, had merit, this Court DENIES the Defendant's Bill of Costs.

**I. STATEMENT OF FACTS**

On May 20, 2005, this Court entered Judgment (Docket # 52) in favor of Defendant Hannaford Bros. Co. and against Plaintiff Joyce E. Kuzman immediately following its May 20, 2005 affirmance (Docket # 51) of Magistrate Judge Kravchuk's May 2, 2005 Recommended Decision (Docket # 49) on Hannaford's Motion for Summary Judgment (Docket # 21). Hannaford has filed a Bill of Costs (Docket # 53) against Ms. Kuzman in the amount of $3,741.10. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1924. Ms. Kuzman objected (Docket # 57) on the basis of financial impecunity**.**

## II. DISCUSSION

The First Circuit has interpreted Rule 54(d) as creating a presumption in favor of the taxation of costs for the prevailing party. *Papas v. Hanlon,* 849 F.2d 702, 704 (1st Cir. 1988) ("presumption inherent in Rule 54(d)"); *see also Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.,* 31 F.3d 18, 28 (1st Cir. 1994) ("Prevailing parties are normally entitled to costs."); *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.,* 994 F.2d 956, 962 (1st Cir. 1993) ("[T]his negative discretion . . . operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."). However, Rule 54(d) gives the court discretion to determine whether an award is appropriate, and in exercising this discretion, a district court may take into account "the limited financial resources of a plaintiff." *Papas,* 849 F.2d at 704; *accord Mulvihill v. Spalding Worldwide Sports, Inc.,* 239 F. Supp. 2d 121, 121 (D. Mass. 2002).

This Court has reviewed Ms. Kuzman's Affidavit in which she sets forth the state of her financial affairs and it concludes that the imposition of costs would "work a significant hardship on the plaintiff." *Mulvihill,* 239 F. Supp. 2d at 121. Ms. Kuzman is a person of modest means with a recently purchased and fully financed residence, two older motor vehicles, no savings, and some credit card debt. As in *Mulvihill,* the financial resources of Hannaford "vastly exceed" Ms. Kuzman's. *See id.*

Hannaford urges this Court to order costs, based in part on its view that Ms. Kuzman contributed by her actions in this law suit to their generation; it is also particularly critical of her failure to engage in settlement negotiations. Attorney Margaret Coughlin LePage sent a letter to Ms. Kuzman's counsel dated February 24, 2004, noting Hannaford had never received a settlement demand, despite the Scheduling Order's mandate that Ms. Kuzman serve a demand by

2

February 10, 2005.   *Aff. of Margaret Coughlin LePage* (Docket # 59, Ex. A).   Although this Court does not condone Ms. Kuzman's apparent failure to comply with the Scheduling Order, there has never been an assertion that her Complaint was frivolous, malicious, or undertaken in bad faith.   *See Papas,* 849 F.2d at 704; *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994).

To the contrary, as a law suit under Title VII, Ms. Kuzman's case was an attempt to vindicate important statutory rights.   Her failure to survive summary judgment does not mean the effort should not have been made.   As Judge Ponsor noted in *Mulvihill,* "where the issues are fairly disputed, it is important that the plaintiff not be 'unduly intimidated' by the threat of imposition of costs in a case raising important issues such as these."   *Mulvihill,* 239 F. Supp. 2d at 121; *see also Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 486 (9th Cir. 1983) ("[A] court may consider the limited resources of a Title VII plaintiff when assessing costs[.]"); *Coulter v. Newmont Gold Co.,* 873 F. Supp. 394, 396-97 (D. Nev. 1994).

This does not mean every Title VII plaintiff, due to the statutory invocation, is absolved from the presumptive working of Rule 54(d); however, because the imposition of costs would work a substantial hardship, because there is a great disparity in the financial resources of the parties, because the case involves issues of public significance, and because Ms. Kuzman's claim, though unsuccessful, had merit, this Court concludes it is appropriate to exercise its discretion under Rule 54(d) and deny the imposition of costs.   *See Sy v. United Parcel Serv. Gen Servs. Co.,* No. Civ. 94-1464-FR, 1999 WL 447458, at *2 (D. Or. June 23, 1999); *Coulter,* 873 F. Supp. at 397.

## III. CONCLUSION

This Court DENIES Defendant Hannaford Bros. Co.'s Bill of Costs.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2005